John A. Hawkinson, freelance news reporter
Box 397103
Cambridge, MA 02139-7103
617-797-0250, jhawk@MIT.EDU

October 17, 2018

The Honorable Chief Judge Patti B. Saris
One Courthouse Way, Suite 2300
Boston, MA 02210

BY HAND DELIVERY

**Re: Request for Exemption from Electronic Public Access Fees by John Hawkinson**

Dear Chief Judge Saris:

I write to petition the Court for a PACER fee exemption for the narrow scope of a single case, *Reid v. Donelan*, No. 13-cv-30125-PBS, coincidentally assigned to Your Honor, and also for a narrow time (one month).

As you are likely aware, undersigned petitioner is a freelance journalist covering immigration cases in Boston. Petitioner writes to request a short-term fee exemption for the purpose of downloading and reviewing all filings in *Reid v. Donelan* (hereafter "the case"), so that he can get up to speed on the case in a practical and cost-effective fashion in order to report on its subsequent filings to the general public in an effective and responsible way. At a Sept. 17 hearing in that case, Your Honor characterized the case as "huge" and "extremely important," as well as "really important and significant." Undersigned agrees, and would like to understand it better.

Because the case was until recently not remotely accessible on PACER[1], its filings were not practically available to the public. Now that there are 400-odd public documents, downloading them all through PACER could cost up to $3 per document, or up to

---

[1] Your Honor granted undersigned's motion to open the docket to public access August 10, 2018, ECF No. 408.

$1,200 for all the document in the case.[2]

**Specific request**

Undersigned petitioner anticipates needing only one week for this exemption, but for practical purposes requests a one-month exemption. Undersigned has allocated a specific PACER account for this purpose so there is no likelihood of confusing this narrow fee exemption with day-to-day use of PACER. That account is number 5619033 (jhawkinson3).

Petitioner further seeks leave of this court to redistribute materials in the case on the Internet, at no charge, for the purpose of educating the public about the case. In the alternative, petitioner would accept a condition of this Court not to do so, and would pay for any filing he intends to distribute, if the Court so requires.

**Attempts to avoid seeking a fee exemption**

To avoid burdening this Court with this request, undersigned inquired with counsel for the *Reid* petitioners, who indicated they do not have an available collection of all or most case documents in a format they would be able to provide. At *Reid* petitioners' counsel's suggestion, undersigned inquired of the Clerk's Office whether a DVD (or similar) could be produced, perhaps pursuant to the $31 (re)search fee (28 USC § 1914. *District Court Miscellaneous Fee Schedule* ¶2), or consonant with the "new fee of $31 for providing an electronic copy of a record that is stored outside court's CM/ECF system and is therefore not available through [PACER]" approved by the Judicial Conference in March of this year[3]. Undersigned was advised "the Court is not able to provide such."[4] Although undersigned has not inquired of Department of Justice counsel, it is expected that they would request this information be sought through the FOIA process and that it would be

---

[2] Undersigned recognizes that had he followed the case from its inception in 2013 and had there been no docket restriction, he would have paid document-by-document the same total sum. But budgeting up to $1,200 over a six-year period is not the same as doing so in lump sum at one instant.

[3] *Report of the Proceedings of the Judicial Conference of the United States*, March 13, 2018 at 13. Available at http://www.uscourts.gov/sites/default/files/18-03_proceedings_0.pdf

[4] Personal communication with Richard Nici of Aug. 20, 2018.

neither timely nor cost-effective[5].

## Financial burden

Petitioner does not have the ability to fund what would be a several-hundred dollar fee, if not thousand-dollar. No outlet for whom undersigned regularly writes would justify reimbursement of that expense. Without an exemption here, undersigned would simply not purchase most of the documents, or could occupy the Clerk's Office public terminal for an inordinate amount of time (however petitioner would likely forgo that option). Thus, granting this fee exemption would not deny revenue to the Court or the US Government. Denying the exemption would result in less informed writing with respect to the case.

A fee exemption here would also grant undersigned the ability to do full-text searches across documents, something easily done with a folder of PDF files but which cannot be accomplished through the PACER system nor from the public terminal.

> I, John A. Hawkinson, declare that I lack the funding to support a several-hundred dollar PACER expense for case documents in *Reid v. Donelan* and declare that, were a fee exemption not granted, I would forgo purchasing most documents in the case. I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States this 17th day of October, 2018.
>
> _____     17Oct2018
> John A. Hawkinson

## Standard for a fee exemption

Although petitioner understands that the Judicial Conference policy disfavors granting fee waivers to members of the media, doing so is not prohibited:

> *(9) Discretionary Fee Exemptions:*
> • *Courts may exempt certain persons or classes of persons from payment of the*

---

[5] Sob story about undersigned's months-old FOIA for immigration case materials in another district and its pending appellate review omitted.

> *user access fee. Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees,* pro bono *attorneys,* pro bono *alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions.* <u>Courts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee. Examples of individuals and groups that a court should not exempt include:</u> *local, state or federal government agencies,* <u>members of the media,</u> *privately paid attorneys or others who have the ability to pay the fee.*

Emphasis added.

*Electronic Public Access Fee Schedule (Issued in accordance with 28 USC §§ 1913, 1914, 1926, 1930, 1932), Effective December 1, 2013* ("Fee Schedule") at 3, available from https://www.pacer.gov/documents/epa_feesched.pdf.

That is, the policy offers "members of the media" as an example of a group who is generally able to pay, but does not bar this Court from granting an exemption where a member of the media (or other enumerated party) can demonstrate an inability to pay. It is an example only. Indeed, this Court has previously granted such an exemption to Open Media Boston. See *In Re: Application for Exemption from the Electronic Public Access Fees for Jonathan Adams, Associate Editor, Open Media Boston*. Miscellaneous Business Docket No. 14-mc-91034-PBS, ECF No. 3, May 13, 2014 (Saris, C.J.).

Petitioner is *not* an individual researcher associated with an educational institution within the meaning of the policy.[6]

**Required finding(s)**

The fee schedule generally requires one finding:

- *In considering granting an exemption, courts must find:*
    - *that those seeking an exemption have demonstrated that an exemption*

---

[6] Out of an abundance of caution, petitioner notes that although he uses an email address associated with an educational institution and has some tangential connection to that institution, he is not an academic researcher or currently-enrolled student, and does not seek this exemption for scholarly purposes. Absent this clear statement, petitioner fears there is possibility for the Court to misinterpret petitioner's status. Even though petitioner could be cast as a a "researcher" and has an "association," petitioner thinks that is not what the policy intends.

> is necessary in order to avoid unreasonable burdens and to promote public
> access to information;

Fee Schedule at 3.

The financial cost of the sought materials here would unreasonably burden the petitioner absent a fee exemption. Such an exemption would promote public access to that information as petitioner, a member of the media, stands in the shoes of the public and promotes public access to court information through writing and analysis.

If undersigned sought an exemption for scholarly research, which he does not, an additional finding would be required:

> o *that individual researchers requesting an exemption have shown that the
> defined research project is intended for scholarly research, that it is limited
> in scope, and that it is not intended for redistribution on the internet or for
> commercial purposes.*

Id.

Although this does not apply, petitioner's exemption request is limited in scope and not for commercial purposes. As outlined below, undersigned would seek leave to distribute case materials on the Internet, although that is not the "intent" of the exemption request.

**Requirements if granted**

> • *If the court grants an exemption:*
>   o *the user receiving the exemption must agree not to sell the data obtained
>   as a result, and must not transfer any data obtained as the result of a fee
>   exemption, unless expressly authorized by the court; and*

Id.

Petitioner often finds it helpful to link to primary sources in his journalism work, and would appreciate the court's express permission to further distribute documents received under this fee exemption at no charge. Undersigned agrees not to sell any data received

through this fee exemption.

> ○ *the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption.*

Id.

Petitioner's request is for a definite period of time (one month) and is limited in scope to a single case.

## Conclusion

For the reasons outlined above, undersigned meets the requirements for a PACER fee exemption and respectfully requests that this Honorable Court grant such relief.

Very truly yours,

*[signature]* 17 өл 2К6

John A. Hawkinson